Filed 9/30/16  P. v. Mejia CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>JOSE MEJIA,<br><br>        Defendant and Appellant. | F070854<br><br>(Super. Ct. No. F14908161)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Houry A. Sanderson, Judge.

Jake Stebner, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and John A. Bachman, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Detjen, Acting P.J., Franson, J. and McCabe, J.[†]

[†]        Judge of the Merced Superior Court assigned by the Chief Justice pursuant to article IV, section 6 of the California Constitution.

A jury convicted appellant Jose Mejia of assault with a deadly weapon (count 1/Pen. Code, § 245, subd. (a)(1))[1] and making criminal threats (count 2/§ 422) and found true a personal use of a deadly weapon enhancement (§ 12022, subd. (b)(1)).

On appeal, Mejia contends the court violated section 654's proscription against multiple punishment when it sentenced him. We find merit to this contention and modify the judgment accordingly.

## FACTS

The evidence at trial established that Rosaria Avalos was in a romantic relationship with Mejia for several years. On the morning of August 29, 2014, Mejia returned to Avalos's house, having left the previous night after they argued about Mejia seeing other women. While the couple was outside barbecuing, Mejia became upset because there were no tortillas. Mejia then raised a 12-inch butcher knife over his head with the tip pointed towards Avalos, as if to stab her, and he threatened to kill her. Avalos stepped back, told him she was going to call the police, and called 911. Mejia replied that he did not care and that the police were not going to do anything. Mejia then went and sat down and waited for the police to arrive.

Fresno Police Officer Marcus Gray arrived on the scene and found Mejia in an alley sitting on a cushion that covered a knife with the handle sticking out. Meanwhile, Avalos was interviewed by a Spanish-speaking officer. Avalos was visibly upset while speaking with the officer as she related the above details to him and told him she was afraid of Mejia.

On January 7, 2015, the court sentenced Mejia to the aggravated prison term of three years on his assault with a deadly weapon conviction and a concurrent, aggregate

---

[1] All further statutory references are to the Penal Code.

2

three-year term on count two, the middle term of two years on his making criminal threats conviction and a one year arming enhancement in that count.

## DISCUSSION

Mejia contends the court violated section 654's proscription against multiple punishment because his assault with a knife and the threat underlying his criminal threat conviction occurred simultaneously with a singular objective of conveying to Avalos "the immediate prospect of death." Respondent concedes that section 654 required the court to stay the term it imposed on his criminal threats conviction. We agree.

> "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. …" (§ 654, subd. (a).)

> "[Section 654] bars multiple punishment where the convictions arise out of an indivisible transaction and have a single intent and objective." (*People v. Monarrez* (1998) 66 Cal.App.4th 710, 713.) "[It] does not allow any multiple punishment, including either concurrent or consecutive sentences." (*People v. Deloza* (1998) 18 Cal.4th 585, 592.)

> "The divisibility of a course of conduct depends upon the intent and objective of the defendant. If all the offenses are incidental to one objective, the defendant may be punished for any one of them, but not for more than one. On the other hand, if the evidence discloses that a defendant entertained multiple criminal objectives which were independent of and not merely incidental to each other, the trial court may impose punishment for independent violations…. The principal inquiry in each case is whether the defendant's criminal intent and objective were single or multiple. Each case must be determined on its own facts." (*People v. Liu* (1996) 46 Cal.App.4th 1119, 1135.)

> " 'The question of whether the acts of which defendant has been convicted constitute an indivisible course of conduct is primarily a factual determination, made by the trial court on the basis of its findings concerning the defendant's intent and objective in committing the acts. This determination will not be reversed on appeal unless unsupported by the evidence presented at trial.' " (*People v. Nichols* (1994) 29 Cal.App.4th 1651, 1657.)

3

The court implicitly found that Mejia had separate objectives when he assaulted Avalos and threatened her with the knife. However, Mejia's threat to kill Avalos occurred simultaneously with his assault of her in that he uttered the threat as he held the knife above his head as if to stab her. Further, the evidence demonstrates that he committed both acts with the singular objective of frightening Avalos. Thus, the record does not support the court's implicit finding that Mejia had separate objectives in committing the two offenses he was convicted of. Accordingly, we agree with the parties that the concurrent, aggregate term the court imposed on Mejia's criminal threats conviction and the arming enhancement attached to that count violated section 654's proscription against multiple punishment. (*People v. Guilford* (1984) 151 Cal.App.3d 406, 411 ["enhancement must necessarily be stayed where the sentence on the count to which it is added is required to be stayed."].)

## DISPOSITION

The judgment is modified to stay the concurrent, aggregate three-year term imposed on Mejia's conviction in count 2 for making criminal threats and the enhancement in that count. The trial court is directed to prepare an amended abstract of judgment that incorporates this modification and to forward a certified copy to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

4